1    (Counsel for the parties listed on next page)

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  JOHN T. MOONEY, | CASE NO. 3:09-CV-02653-MMC |
| 13          Plaintiff, | **CONFIDENTIALITY AGREEMENT AND JOINT STIPULATION FOR** |
| 14      vs. | **PROTECTIVE ORDER; [PROPOSED] ORDER** |
| 15  GOLDMAN, SACHS AND CO.; THE GOLDMAN SACHS GROUP, INC.; | |
| 16  CHRIS LALLI, an individual and employee of Goldman, Sachs and Co. | |
| 17  and/or The Goldman Sachs Group, Inc.; and DOES 1 through 50, inclusive, | |
| 18          Defendants. | |
| 19 | |

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| Case No. C-09-2653 MMC<br>LEGAL_US_W # 62581632.1 | 1 | CONFIDENTIALITY AGREEMENT;<br>[PROPOSED] PROTECTIVE ORDER |

MICHAEL E. CARDOZA (SB# 52264)
cardolaw@aol.com
JACQUELINE C. FAGERLIN (SB# 187732)
jfagerlin@cardolaw.com
TIFFANY K. O'CONNOR (SB# 232507)
tiffany@cardolaw.com
THE CARDOZA LAW OFFICES
1220 Oakland Blvd., Suite 200
Walnut Creek, CA 94596
Telephone: (925) 274-2900
Facsimile: (925) 274-2910

GINA DEVITO (SB# 153647)
devitolaw@mindspring.com
DEVITO LAW GROUP
332 Pine Street, Suite 700
San Francisco, CA 94014
Telephone: (415) 421-2154
Facsimile: (415) 421-2153

Attorneys for Plaintiff
JOHN T. MOONEY

M. KIRBY C. WILCOX (SB# 78576)
kirbywilcox@paulhastings.com
KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
GOLDMAN, SACHS & CO., THE GOLDMAN SACHS
GROUP, INC., and CHRISTOPHER LALLI

**CONFIDENTIALITY AGREEMENT AND**

**JOINT STIPULATION FOR PROTECTIVE ORDER**

Plaintiff John T. Mooney and defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., and Christopher Lalli ("Defendants"), acting through their counsel of record, hereby stipulate as follows:

The parties believe that it is necessary to have a protective order entered in this action to preserve the confidentiality of documents and information disclosed by the parties in order to protect the parties' legitimate business interests and privacy rights and the privacy rights of third parties. The parties therefore request that the Court enter the following as its protective order in this action.

A.   Confidential Information.

1.      Any party involved in this litigation, or counsel for such party, may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed, or to be disclosed by that party, through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth. Counsel are permitted to designate as "CONFIDENTIAL" only those documents as to which counsel entertains a good-faith belief that such document is entitled to confidentiality. Such designation will, without more, subject the information produced or provided under said designation to the provisions of this protective order.

2.      Any writing, document, or other information produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by marking the face of the writing, document, or other information with the legend "CONFIDENTIAL" in such a manner as will not interfere with the legibility thereof.

3.      The designation of information as "CONFIDENTIAL" may be made at any time; however, until designated as "CONFIDENTIAL" the information may be used and disclosed by the parties to whom they are disclosed without the restrictions imposed by this order.

4.      Any party may designate as "CONFIDENTIAL" and subject to this protective order its responses to a discovery request by including in its response that the document or data is "CONFIDENTIAL" and subject to this order. Any inadvertently omitted "CONFIDENTIAL"

1  designation may be corrected by written notification to counsel of record for the other party so

2  long as the correction is made promptly after discovery of the omission.

3       5.    Wherever it appears that confidential information may be revealed in a deposition

4  or evidentiary proceeding, a party may designate the material as "CONFIDENTIAL" on the

5  record at the time of its disclosure or within 30 days after the party's receipt of the deposition

6  transcript.  Upon such designation, the portion of the deposition containing confidential

7  information will be subject to the terms of this order.

8       6.    "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL"

9  pursuant to the terms of this order, as well as summaries and compilations derived from such

10  materials, including but not limited to charts, tables, graphs and models.

11  B.    Qualified Persons.

12       1.    Access to "CONFIDENTIAL" materials, as well as written or oral summaries or

13  accounts thereof, will be limited to the following "QUALIFIED PERSONS:"

        a.    the parties to this litigation who have signed the attached agreement to be personally bound by this order;

        b.    officers, directors, in-house counsel, in-house legal staff, or employees of the parties to this litigation who are assisting counsel in the analysis and preparation of litigation;

        c.    counsel of record for the parties to this litigation, including office associates, paralegals, stenographic and clerical employees;

        d.    court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

        e.    experts and consultants retained for the purpose of this litigation, provided, however, that before such persons are shown or receive any "CONFIDENTIAL" materials, they first sign the attached agreement (Exhibit A) to be personally bound by this order; and

        f.    witnesses interviewed by a party's representatives or counsel, or persons deposed in this litigation, with a need to review "CONFIDENTIAL"

1    materials, provided, however, that before such persons are shown or receive

2    any "CONFIDENTIAL" materials, they first sign the attached agreement

3    (Exhibit A) to be personally bound by this order.

4    C.    Use of Confidential Information.

5         1.    Except upon prior written consent of the party or counsel for the party asserting the

6    "CONFIDENTIAL" designation or upon further order of this Court, documents, testimony,

7    information, or material designated as "CONFIDENTIAL" will be held in strictest confidence,

8    will be kept securely, and will be used solely for the purpose of prosecution or defense of this

9    litigation and not for any business or other purpose whatsoever.

10        2.    No materials designated as "CONFIDENTIAL" will be disclosed or made

11   available to any person except a "QUALIFIED PERSON." "QUALIFIED PERSONS" will not

12   use a "CONFIDENTIAL" document or material for any purpose other than analysis for

13   preparation and trial of this action.   No party, including any "QUALIFIED PERSON," will make

14   more copies of any "CONFIDENTIAL" document or material than are reasonably necessary to

15   conduct this litigation. The substance or content of "CONFIDENTIAL" materials will not be

16   disclosed to anyone other than a "QUALIFIED PERSON."

17        3.    Any party who discloses a "CONFIDENTIAL" document or material to an expert,

18   consultant, or witness, will maintain the signed written acknowledgements (Exhibit A) that such

19   individuals are personally bound by this order, but will not be required to disclose the identities of

20   persons having reviewed the "CONFIDENTIAL" materials.

21        4.    If any party, or such party's counsel, objects to the designation of any document or

22   material as "CONFIDENTIAL," the objecting party will give the designating party notice of the

23   party's objection. If a meet-and-confer on the topic is unsuccessful, the designating party will

24   have twenty-five (25) days from the conclusion of the meet-and-confer to move the Court for an

25   order designating the document confidential. Unless and until an order is entered to the contrary,

26   the material will be given the "CONFIDENTIAL" treatment initially assigned to it and provided

27   for in this order. The designating party will have the burden of establishing that the materials are

28   deserving of confidential treatment in any such motion proceedings.

5.      Whenever any document or material designated as "CONFIDENTIAL" is used or submitted to the court in conjunction with any filing or proceeding in this litigation, the parties will comply with this District's Local Rules 3-17 and 79-5, and will follow the procedures set forth under the aforementioned Rules.

6.      This order will not prevent any party from seeking modification of this protective order or from objecting to discovery that it believes to be otherwise improper.

D.      Waiver.

1.      The inadvertent or unintentional disclosure of "CONFIDENTIAL" materials will not be construed as a waiver, in whole or in part, of the producing party's claims that the disclosed materials are "CONFIDENTIAL" and subject to the terms of this order.

2.      The failure of a party to seek enforcement of this protective order will not be a waiver of this order, and any waiver of this order by such party as to specific "CONFIDENTIAL" materials will not be a waiver as to any other "CONFIDENTIAL" materials.

E.      Retention and Return of Confidential Documents and Materials.

1.      Thirty (30) days after the final determination of this action, counsel of record for each party receiving "CONFIDENTIAL" documents or materials will, upon written demand, assemble and return to the producing party, or counsel for that party, all such "CONFIDENTIAL" materials as well as copies of such "CONFIDENTIAL" materials, including such materials in the possession of experts or other "QUALIFIED PERSONS" who received "CONFIDENTIAL" material from counsel.

2.      The provisions of this order will survive and remain in full force and effect notwithstanding the entry of a final judgment in this case. The parties expressly agree that the obligation to maintain the confidentiality of the material so designated continues beyond the entry of final judgment. This Court retains jurisdiction to enforce, construe, interpret, and amend the provisions of this order. Following the conclusion of this litigation, the parties may seek leave to reopen the case to enforce the provisions of this order, or to obtain such direction or further decree as may be appropriate for the interpretation or enforcement of this order.

F.      Miscellaneous.

1.   Any amendment or modification of this order will be in writing and signed by the parties hereto.

2.   Any party may make whatever use it deems appropriate of its own "CONFIDENTIAL" documents and materials, except if the party discloses the document to a third party not bound by this order (other than by means of an inadvertent or unintentional disclosure), then the document will no longer be eligible for treatment under this order as "CONFIDENTIAL."

3.   This order will be governed by the United States Code, the Federal Rules of Civil Procedure, and the California law.

G.   Violation of the Order.

In addition to other remedies available to the parties, violation of this order will subject the violator to all appropriate sanctions as provided under law.

Dated: ~~September~~ October 1, 2009

M. KIRBY C. WILCOX
KATHERINE C. HUIBONHOA
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____
KATHERINE C. HUIBONHOA


Attorneys for Defendants
GOLDMAN, SACHS & CO., THE GOLDMAN SACHS
GROUP, INC., and CHRISTOPHER LALLI

Dated: September 25, 2009

MICHAEL E. CARDOZA
JACQUELINE C. FAGERLIN
TIFFANY K. O'CONNOR
THE CARDOZA LAW OFFICES

GINA DEVITO
DEVITO LAW GROUP


By: _____
JACQUELINE C. FAGERLIN

Attorneys for Plaintiff
JOHN T. MOONEY

1

2

## ~~[PROPOSED]~~ PROTECTIVE ORDER

3          The Confidentiality Agreement and Joint Stipulation for Protective Order is hereby

4    adopted by the Court for the case and the parties are ordered to comply with this Order.

5

6          **IT IS SO ORDERED.**

7

8

9    DATED: _____October 5, 2009_____ .     By: _____
                                                        MAXINE M. CHESNEY
10                                                 United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN T. MOONEY,

             Plaintiff,

    vs.

GOLDMAN, SACHS AND CO.; THE
GOLDMAN SACHS GROUP, INC.;
CHRIS LALLI, an individual and
employee of Goldman, Sachs and Co.
and/or The Goldman Sachs Group, Inc.;
and DOES 1 through 50, inclusive,

             Defendants.

Case No. 3:09-CV-02653-MMC

**UNDERSTANDING AND AGREEMENT
PURSUANT TO PROTECTIVE ORDER**

By signing this document, I hereby certify that I have read the protective order (the "Order") entered by the Court in this action. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order, and I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order. I understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter. I hereby consent to the personal and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.

Dated:_____  Signature:_____

             Name (Printed):_____